THE UNION INSURANCE COMPANY *vs.* VAN RENSSELAER
and others.

In mortgage cases, defendants whose claims are upon the equity of re-
demption merely, and who have no interest in the mortgaged premises in
opposition to the complainant's claim, are not permitted to litigate their
claims to the surplus as between themselves, until it is ascertained that
there will be a surplus; unless their liens are upon different parcels of the
mortgaged premises, or their rights are of such a peculiar nature as to re-
quire them to be passed upon by the court previous to a decree of sale.

If the complainant in a mortgage case unnecessarily sets out the rights of
the several defendants at length, his bill may be excepted to for imperti-
nence; and if not excepted to, the extra costs occasioned by the inser-
tion of such unnecessary statements in the bill will be disallowed on tax-
ation.

And where the complainant in such cases so misstates the rights of a de-
fendant as to render it necessary for him to put in an answer to protect his
rights, the complainant may be personally charged with the extra costs oc-
casioned thereby.

The guardian ad litem of an infant defendant can only be allowed his tax-
able costs, against a fund belonging to other parties in the cause.

It must be a very special case to authorize the court to allow any thing be-
yond the taxable costs, of the guardian ad litem, to be charged upon a fund
belonging to an infant.

THE bill in this case was filed to foreclose a mortgage, exe- February 11.
cuted by P. Van Rensselaer and wife to the complainants.
All the defendants were made parties as claimants upon the
equity of redemption only, and none of them contested the right
of the complainants to a foreclosure and sale of the mort-
gaged premises for the purpose of satisfying their mortgage.
The guardian ad litem of the infant defendants claimed an
extra allowance, for counsel fees on a motion to correct the
master's report of the amount due. Trotter and Douglass,
two of the defendants who were judgment creditors of the
mortgagor, claimed their costs, on the ground that they had
been compelled to put in an answer by reason of a misstate-
ment of their rights in the complainants' bill.

*J. Rhoades,* for the complainants.

*P. S. Henry,* for Trotter and Douglass.

*I. Williams,* for the infant defendants.

THE CHANCELLOR. By the present practice of this court, in mortgage cases, those defendants whose claims are upon the equity of redemption merely, and who have no right or interest in the mortgaged premises in opposition to the complainant's claim, are not permitted to litigate their respective claims to the surplus, as between themselves, before it is ascertained that there will be a surplus over and above the complainants' debt and costs, except where their liens are upon different parcels of the mortgaged premises. And if the bill is properly framed, containing only a general allegation that the defendants have or claim some interest in the mortgaged premises as subsequent purchasers, encumbrancers, or otherwise, according to the 132d rule, it cannot be necessary for them to put in answers to protect their several rights, or to litigate the same, unless those rights are of such a peculiar nature as to require them to be passed upon previous to a decree for sale. As the rule of the court has expressly prohibited the complainants from setting out the rights of subsequent purchasers or encumbrancers at length, the defendants, or either of them, may except to the bill for impertinence, if such unnecessary statements are inserted therein. Even where no exceptions for impertinence are filed, if any statements in the bill are in fact useless, or impertinent, it will be the duty of the taxing officer, upon the taxation of the complainant's costs, to disallow all extra charges or expenses which have arisen from the insertion of such useless statements. And in addition to the loss of so much of his own costs as is occasioned thereby, if the complainant has misstated the rights of any of the defendants, so that their equitable interests in the surplus, or in the equity of redemption, might be affected if they should suffer the bill to be taken as confessed, he may be charged personally with so much of the defendants' costs as have been rendered necessary by such misstatements of their rights to the equity of redemption, or in the surplus.

1833.

Union Ins. Co.
v.
Van Rensse-
laer.

In the case under consideration, however, I find, by an examination of the pleadings, that the suit was commenced before the adoption of the new rules; and when, by the practice of the court, the rights of all the defendants as subsequent encumbrancers, were to be ascertained before any decree of sale could be made. (*See Renwick* v. *McComb & Pell*, 1 *Hopk. Rep.* 277.) It appears by the pleadings that an execution had been issued on the judgment of Trotter and Douglass, and that the premises had been sold by the sheriff and struck off to Lansing. And the will of Lansing refers to the land as having been purchased by him upon a sale under that judgment. The complainants, therefore, had reason to believe that the legal title had passed to Lansing upon that sale. Under such circumstances, and in reference to the practice of the court as it existed when this bill was filed, I do not think proper to charge the complainants with costs.

I cannot direct the costs of these two defendants to be paid out of the fund, until it is ascertained whether the devisees of Lansing, or Trotter and Douglass, are entitled to the surplus. The bill states that the mortgagor conveyed the whole equity of redemption to Lansing in 1818, shortly after the judgment was obtained. As the judgment was not a lien upon the property after ten years, as against Lansing or his devisees, if he was a bona fide purchaser those devisees may be entitled to the whole surplus, notwithstanding the judgment is unpaid; and if no such conveyance was ever made, the widow of the mortgagor may have an equitable claim upon the surplus for her dower, which is paramount to the claim under a judgment against the husband only. The answer of Trotter and Douglass is not evidence against any of their co-defendants. (3 *Paige's Rep.* 368.) There must therefore be the usual reference to determine the rights of the defendants, as between themselves, if there should be any surplus on the sale. If any extra allowance is made to the guardian ad litem of the infants, it must be paid out of their share in the surplus; as nothing but the taxable costs can be charged upon that portion of the fund which belongs to other parties. And it must be a very special case to justify

the court in allowing extra counsel fees against an infant in any event.

There must be the usual decree for a sale, and for the payment of the costs of the guardian ad litem and of the complainants, together with the debt of the latter, and for the master to bring the surplus, if any, into court. If there shall be any surplus, either of the defendants may apply to the register and obtain the usual order for a reference to ascertain the rights of the defendants in such surplus ; and the question as to the costs of Trotter and Douglass, and the costs of the several parties on the reference, and all other questions and directions are to be reserved until the coming in of the master's report on such reference.