## MILLER vs. CASE and others.

A mortgagee who has commenced a foreclosure of his mortgage will
not be compelled to suspend proceedings to enable junior incumbran-
ces to litigate their liens, even though a bill has been filed by one
of them for that purpose, in which the complainant's rights are ad-
mitted.

Since the Revised Statutes, a sale under a mortgage, foreclosure will
be ordered before the amount of other junior incumbrances are as-
certained, and it is not necessary now for the complainant to procure
a report of the amount of such junior incumbrances.

Junior incumbrancers have their rights ascertained and settled as be-
tween themselves, upon a reference to a master of their claims to
the surplus money; the rights of such junior incumbrancers as be-
tween themselves are not settled by the decree of sale in a fore-
closure bill.

Dec. 1840.

Miller
v.
Case and
others.

THIS is a bill to foreclose a mortgage executed by three of the defendants upon certain lands in Buffalo, several persons are made parties defendants without setting out their rights or claims specifically, but by the general allegation authorised and required by the 132d rule of this court, that such defendants have, or claim to have some rights and interests in the mortgaged premises, or some part thereof, as subsequent purchasers, incumbrancers, or otherwise. Three of the defendants answer separately, setting up their seperate mortgages, (each deeming to be the owner of one of them,) all executed simultaneously upon the mortgaged premises, and some other lands, and all subsequent to the complainants mortgage. One of the answers sets up, also, other mortgages upon different portions of the premises covered by the three mortgages, and prior to the three mortgages; and that this defendant had commenced a foreclosure of his mortgage making all the prior mortgagees parties, as well as subsequent purchasers and incumbrancers.

*E. G. Spaulding*, for the complainant, having obtained a master's report of the amount due upon his mortgage, under a previous order granted for that purpose, now moves for the usual decree of sale upon this report.

*J. T. Hudson*, for defendant Brown,

*J. L. Talcott*, for defs. Christmas and Livingston,

*W. L. G. Smith*, for defendant M. Case, oppose this decree until the rights of all the defendants are settled by the order of this court.

THE VICE CHANCELLOR. It is, perhaps, to be regretted that the complainant in this cause did not suspend the proceedings upon his mortgage, until the bill filed by the defendant Brown, could have been brought to a hearing and decision. That bill, though filed by a junior incumbrancer, was framed in such a manner as to settle the rights of all the parties, who appear here as parties litigant, by a single decree of this court. There is some embarrassment in this case, from the facts appearing from Brown's answer, though not evidence here, that the complainant has a mortgage upon one lot; The New-York Life Insurance and Trust Company upon another lot; and the representatives of Hoyt upon another lot; all of which are the first incumbrancers upon the lots respectively mortgaged to them; while the three defendants who have answered, have simultaneous imcumbrances apparently upon these lots. The mortgage of the complainant, at any rate, is confessedly the first incumbrance upon the premises covered by his mortgage, and I know of no rule by which I can compel him to delay proceedings to collect his mortgage, until junior incumbrancers covering a larger amount of property, can adjust their rights and equities. The complainant cannot be bound to wait the tardy process of such secondary suit, though I am free to admit that it would have been greatly to the interest of all the parties, if he had voluntarily consented so to do.

The defendants who have answered seem to suppose that no sale will be ordered in this cause, until the amount of all the incumbrances on the mortgaged premises shall be reported by the master; and they cite Renwick vs. Macomb and Pell, 1 Hopkins' 277,

and Gardiner vs. Garniss, 1 Hopkins' 306, where this doctrine is fully sustained. Such undoubtedly was then the practice. But it must be remembered that these cases were decided in 1824, before the passage of the Revised Statutes. Since that time the Revised Statutes have given form and feature to proceedings in this court, for the foreclosure of mortgages, making provision for bringing the surplus, which may arise upon any mortgage sale, into court to be applied for by those who are entitled thereto. In addition to this the 136 rule points out the mode of the application for such surplus, and how contested claims for it are to be decided. Formerly the complainant in filing a bill for the foreclosure of a mortgage set out the nature of the claims of all the defendants specifically, leaving them at liberty to contest the correctness of his statements by their answers. These all went to the master under the order of reference. Now, by the 132d rule, the complainant is only permitted to set out the claims of the defendants, subsequent to the mortgage, in one general clause. The defendants now, cannot by their answers, settle any thing as between themselves. If they cannot resist the claim of the complainant, they should not answer, but reserve themselves to litigate conflicting junior claims for the surplus, in the mode pointed out by the 136th rule. This last is much the better practice, and the present case illustrates it. Hear the real litigation is between the defendants themselves. They appear by separate solicitors, and put in separate answers, neither defendant can legally know what the answer or claim of his co-defendant is, their answers are not served upon each other, and neither answer is evidence for, or against each other ;

proofs have been taken only under one of the answers, and yet it is asked that the complainant who has confessedly a prior and valid claim shall be kept from perfecting his decree until these claims of the respective defendants thus presented can be adjusted as between themselves. To this I cannot consent. There must be a decree of sale upon the complainant's bill, and if there is any surplus the defendants can settle their rights to it, under the provisions of the 136th rule. In the proceedings under that rule, each defendant is advised of the claim of the other specifically, and can present his own; they are then all actors, and all defendants; all have an opportunity to make their proofs, and their respective rights can be equitably adjusted according to the proofs.

I believe I am sustained in the view I have taken of this case by the Chancellor, in the decision made by him in the case of The Union Insurance Company, vs. Van Rensselaer, 4 Paige, 85. He there intimates very clearly, that the practice has been changed since the decisions above quoted from Hopkin's Reports.

The master's report must be confirmed, and the usual decree of sale made, leaving to the defendants, if there is any surplus upon the sale so ordered, to obtain the usual reference to determine their rights as between themselves.