GERTRUDE B. BOWLING, by, &c., *vs.* HORACE G. SCALES & others.

## April Term, 1875.

SOLICITOR—COMPENSATION—INFANT.—The measure of compensation for professional services rendered for an infant having property, should, ordinarily, be determined by the same considerations which regulate the compensation for similar services on behalf of an adult in like circumstances.

SAME—SAME—JURISDICTION.—The right of a solicitor, who has rendered professional services for an infant, to come into the Chancery Court for the ascertainment of his compensation, depends upon his having acquired a lien on property for its payment.

SAME—PRACTICE.—The proceeding to enforce a solicitor's lien is by reference in the cause in which the services were rendered, or by bill, to which the client is made a defendant, stating the nature and particulars of his services, and the compensation claimed.

*J. O. Shakelford*, for complainant.

*T. H. Malone*, for defendants.

THE CHANCELLOR :—At a former term of this court, in the case of *Yourie* v. *Nelson & others*, I had occasion to consider the power of the court, and the proper practice in the exercise of that power, in allowing compensation to the guardian *ad litem* and solicitor of a defendant under disability, where the appointment was made by the court for the

protection of the rights of such defendant, and where there was no property of the defendant out of which to make compensation. I held that the allowance in such cases was in the nature of taxable costs, and was not to be measured by the usual standard of professional services.

The present case raises the very different question as to the measure of compensation where the services are rendered for an infant having property, and touching the preservation or administration of that property. In such cases, no reason occurs why the compensation should not depend upon the same considerations, and be governed by the same rules as those which regulate the compensation for similar services on behalf of adults *sui juris*. 4 Paige, 87.

Where adults are concerned, even if they are acting in a fiduciary capacity, as trustee, for example, or administrator, executor, or guardian, there is a person competent to contract, with whom the amount of compensation can be settled in advance, or agreed upon after the services have been rendered. If the lawyer and client cannot agree, the courts are open for the adjustment of their respective rights. The remedy is, ordinarily, by action at law, but if the lawyer has acquired a lien on the property of his cilent, he is entitled to come into this court to enforce that lien. *Hunt* v. *McClanahan*, 1 Heisk, 503. And this he may do by a petition in the cause in which the lien has been acquired, or by an original bill, the client being, of course, entitled to his day in court for the purpose of asserting his rights, and, to this end, to the service of process as in other cases, or equivalent notice. The proceeding by petition is, in substance, a suit *in invitum,* to ascertain the amount of the compensation justly due for the services rendered, and to enforce the lien secured for the payment of such compensation. 1 I. Ch. 22.

In the case of infants and married women, where the former has no general guardian whose duty it is to protect the interests of his ward, and where the latter has no trustee of the specific property sought to be reached, it has been the practice in the courts of this state, upon motion in be-

half of the solicitor having a lien, to make a reference to the master to ascertain and report what would be reasonable compensation for the services claimed. The idea upon which this practice has grown up was, doubtless, that it was the duty of the court to watch over the interests of the persons under disability, and that this duty would be rigidly performed. It is obvious that the practice is not consistent with the theory that such proceedings between attorney and client should be in the nature of a suit, for, in that view, the person under disability ought to be represented by a guardian *ad litem*. It is obvious, too, that the position of the judge, under the practice in question, is anomalous, being partly judicial, and partly, if he properly perform his implied duty of protecting the person under disability, that of an advocate. The Supreme Court have, in a recent case not yet reported, [*Perkins* v. *Clack*, December Term, 1871, at Nashville] corrected this erroneous practice, and have held that the proceeding must be by a reference or petition to which the person under disability is made a defendant, duly served with process or notice, and defended by a guardian *ad litem*. This mode of proceeding is correct in theory, and eminently wise and proper in practice. It changes what has heretofore been an *ex parte* proceeding, into what it should be, a proceeding *inter partes*, each party being antagonistic, and each properly represented. This practice I shall hereafter require to be pursued in all cases in which a solicitor seeks to enforce a lien upon the property of a person under disability for professional services, where the amount of the compensation demanded is such as to justify litigation. The compensation of an unprofessional guardian *ad litem*, or of a guardian *ad litem* and solicitor in the nature of taxable costs, require ordinarily no reference, the amount being always limited within a narrow compass. And even where the element of professional labor is to be taken into consideration, but the court can see that the amount claimed is the lowest usually demanded for similar services, the reference would be a useless expense, and the allowance may

be safely entrusted to the sound discretion of the judge.

And this leads to the settlement of another point of practice in such cases. If an attorney sue his client at law, or file his petition or bill in this court to enforce his lien on property, he is expected to state the amount of his claim, and, at least, the general nature of his services. In estimating the value of professional services, there is a personal element which neither the applicant, the court, nor his brother lawyers who may be called on as witnesses, can or ought to ignore. The same services rendered by a young lawyer with the ink on his license scarcely dry, and by a veteran of forty years' experience, who may have occupied high judicial position, will, properly enough, be measured by each by a very different standard, and will entitle each to very different compensation. The applicant should, therefore, state the nature and particulars of services rendered, and his own estimate of the value of such services, or charges made by him therefor.

The report in this case must be set aside, and the solicitor will be required to institute formal proceedings in accordance with the practice indicated.