JENNIE C. A. WEED AND OTHERS, PLAINTIFFS AND APPEL-
LANTS, v. NAOMI C. PAINE AND OTHERS, DEFENDANTS AND
APPELLANTS.

*Costs and allowances — power of the court to provide for the compensation of a special
guardian — additional allowances — when they may be made to each side — restric-
tion as to the amount thereof — Code of Civil Procedure, secs. 3253, 3254.*

The power of the court to award to the guardian of an infant, to be paid out of
the subject matter of the action, such a compensation as appears to be reasona-
ble for the services he has performed, is inherent in it and does not depend
upon the provisions of the Code of Civil Procedure, nor is it to be included in
or limited by the sum of $2,000 fixed by section 3254 of the said Code as the
limit of allowance.

Where the parties on each side of an action prove to be successful, and each
becomes entitled to recover costs separately, the court has power, under
section 3253 of the Code of Civil Procedure, to award additional allowances to
each, provided that the amount so awarded to each side does not exceed $2,000,
or $4,000 in the aggregate.

*Quære,* as to whether an action of partition is one in which such an allowance
may be made to each side.

*It seems,* that it might be made where a sale is had, but not where an actual
partition is made.

APPEAL by both parties from an order made at a Special Term,
making and denying additional allowances of costs.

*John S. Davenport,* for the plaintiffs.

*Albert J. Jenk* and *Elial F. Hall,* for the defendants.

DANIELS, J.:

The action was for the partition of real estate owned by Hanford
Smith in his lifetime, and upon its final determination an additional
allowance of costs to the extent of two thousand dollars was made
and distributed between the parties to the action, including the
compensation of the guardian *ad litem.*

The court declined to increase the aggregate amount of the allow-
ance upon the supposition that it could in no event exceed the sum
of two thousand dollars, and that the guardian's compensation should
also be included within that sum.

The compensation made to a guardian *ad litem* in equitable actions was not, however, dependent upon this, or any similar provision of the Code. For before its enactment it was the practice of the Court of Chancery to compensate the guardian for the services performed by him in the protection of the infant's interests, by allowing him to recover costs not exceeding the taxable items prescribed for the services performed. (*Union Insurance Company* v. *Van Rensselaer*, 4 Paige 85, 87; *Gott* v. *Cook*, 7 id., 523, 544.)

And under this inherent and well established authority of the court the rule has been prescribed and followed, of awarding to the guardian, to be paid out of the subject matter of the action, such a compensation as appears to be reasonable for the services he in fact performs. And Rule 50 of the present rules of all the courts of record of the State in express language embodies and sanctions the continued application of the same principle. The authority has not been derived from and is not included within the provisions of the Code relating to additional allowances, and for that reason the compensation to be made to the guardian *ad litem* should be considered as independent of and forming no part of the amount mentioned in the Code.

By the language of section 3253 of the Code, the most general authority is given to the courts to make additional allowances by way of costs in actions for the partition of real property. And this general language is subjected to no other restriction than that contained in the succeeding section, and that restriction is, that all the sums awarded to the plaintiff, or to a party, or two or more parties on the same side, cannot exceed in the aggregate two thousand dollars. The ordinary effect of this section would be to limit allowances in an action to this sum of two thousand dollars. For the cases are not common in which each of the adverse parties to the action may become entitled to costs and when they are not the allowance must necessarily be confined to the successful party. But when parties who may be adversely related to the action are each successful and for that reason become entitled to costs, there this restraint can have no application. For it has been expressly confined to the party or parties on the same side in the action, and by that phraseology it must have been intended to include only the party or parties sustaining the same relation to the controversy either as

plaintiff or defendant. The language cannot consistently be construed so as to give it any greater legal significance.

When, therefore, the parties on each side of the action may prove to be successful, and on that account each entitled to recover costs separately, this provision does not stand in the way of the court, in the exercise of the preceding general authority, in its power over this subject of allowances further than that they shall not exceed $2,000 to the parties on each side of the action. It does not, in other words, prevent the court from exercising the same authority in behalf of the parties on each side of the litigation, so that an allowance may now be made in a proper case to the plaintiff or plaintiffs in an action, and also to the defendant or defendants, provided that they shall not exceed $2,000 on a side, or $4,000 in the aggregate.

In determining this point it becomes unnecessary to recur to the provisions contained in the preceding Code, for the language which has been now employed to express the legislative intention is reasonably plain and free from ambiguity, and it supports this and no other fair construction.

Whether an action for the partition of real estate may be included within this authority, to the extent of permitting an allowance to the parties on each side, is not a matter now required to be determined. If actual partition of the property is made, that may be the subject of serious doubt. (Code, § 1559). While if a sale of the property is made then the right would seem to be reasonably free from doubt. (Code, § 1579.) But as the right to the allowances was not considered when the order was made, but only the extent of the authority of the court over the subject, this doubt is not required to be solved on this occasion. All that can now be determined is that the provisions relating to allowances do not limit them to the sum of $2,000, when they may be made to one or more plaintiffs, and also to one or more defendants in the action.

The order should be reversed, but without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, without costs.