Motion denied, with leave to renew on further affidavits.    No costs.

(26 Misc. Rep. 252.)

NEW YORK LIFE INSURANCE & TRUST CO. v. SANDS et al.

(Supreme Court, Special Term, New York County.    February, 1899.)

GUARDIAN AD LITEM—COMPENSATION.

> While compensation which may be given a guardian ad litem is not limited to allowances by way of costs fixed by the Code, an extra allowance cannot be made, to be paid out of the share of others than the infants.

Action by the New York Life Insurance & Trust Company, executor, against Letitia C. Sands and others.    Heard on application for final judgment.    For former opinion, see 53 N. Y. Supp. 320.

Duer, Strong & Jarvis, for plaintiff.

George Waddington and Albert R. Genet, guardians ad litem.

Young, Verplanck & Prince, for defendant Edith C. Rhinelander.

R. E. Robinson, for defendants John Campbell Smith and Augustine Jacquelin Smith.

John Mason Knox, for defendant Eliza R. Allien.

Edo E. Mercelis, for Henry E. Coe.

Pennington Whitehead, for defendant John Campbell.

RUSSELL, J. All of the questions on this application for final judgment can be disposed of without much difficulty, except the application of the guardians ad litem for large sums by way of compensation for their services in that capacity. If the infants whom they represent were entitled to receive considerable shares of the large estate involved in the controversy, the court might, upon proper proof, compensate the guardians ad litem for services which were meritorious and valuable. The interests of those infants have been amply protected, so far as the court can judge from the proceedings presented, by the provisions to be embodied in the final judgment, separating sufficient property to insure the satisfactory payments of the considerable incomes coming to them. The costs and allowances which can be awarded to the guardians are, in view of the limits imposed by law, having due regard to the allowances which must be made to the other parties, entirely inadequate to compensate those guardians for their services. But what right has this court to go beyond the provisions of law regulating the amounts to be awarded for costs and allowances, and decree compensation to guardians for infant defendants out of the property belonging to the other parties in the litigation? The services were rendered for the infants, and, so far, their value constitutes just claims against the property of the infants protected by the efforts of those guardians. The shares of the other parties, however, are burdened in no manner by the claims for services to the infants, even though those services produced a success which was beyond the terms the other parties were willing to accord. The only indemnity which that success brings is to be found in the provisions for costs, including allowances, payable largely, if not wholly, out of the proceeds going to the other persons. The power of the court to award guardians reasonable compensation does not depend upon the allowances by way of costs fixed by the Code. Weed v. Paine, 31 Hun, 10. It is inherent in the court, by reason of its necessary care for the proper protection of the estates of those who are non sui juris. I have been cited to no provision of law or precedent, however, which justifies the payment of such compensation out of the property of other persons. And I am confirmed in this view by the opinion of the late Chancellor Walworth as to equity powers in such cases:

"If any extra allowance is made to the guardian ad litem of the infants, it must be paid out of their share in the surplus, as nothing but the taxable costs can be charged upon that portion of the fund which belongs to other parties." Insurance Co. v. Van Rensselaer, 4 Paige, 87.

In the present case the infants take no share of the estate, but only fixed incomes from portions of that estate, separated for such a purpose. The court is not asked to charge the compensation of

the guardians upon the accruing installments of income, but is requested to provide for such compensation by payments out of proceeds going to the other parties.

Final judgment is therefore directed, but with the reservation that the guardians ad litem may apply hereafter at the foot of this judgment, by motion or by an independent proceeding, in such manner as they may be advised, for a reasonable compensation in payment of their services.   Ordered accordingly.