CROWLEY, Appellant, vs. HICKS and others, Respondents.

*February 11 — March 1, 1898.*

*Pleading: Making definite and certain: Appeal: Fraud: Auction sales of land: Statute of frauds: Joinder of causes of action: Executors: Limitations.*

1. An appeal from an order directing a complaint to be made more definite and certain will be dismissed unless there was an abuse of discretion.

2. In pleading fraud it is not sufficient to allege the mere conclusion that the party acted fraudulently, but the facts from which such conclusion is drawn must be stated.

3. In an action to compel a conveyance of land which plaintiff claimed to have bought at auction sales, an allegation in the complaint that when the land was first put up at auction by defendants the plaintiff was the highest and best bidder, and that "memoranda of the bids and sale were duly made and kept by the parties," is *held* insufficient to show a compliance with the statute of frauds (sec. 2304, R. S. 1878), where the complaint does not state that a sale was then in fact made, but alleges two subsequent auction sales of the same land by the defendants, at each of which, also, the plaintiff was the highest and best bidder, and does not show upon which sale he relies.

4. A cause of action against executors in their representative capacity cannot be joined with a cause of action against them as individuals.

5. A demurrer on the ground that the action was not commenced within the time limited by law will not be considered if it fails to refer to the statute relied on, as required by sec. 2651, R. S. 1878.

APPEALS from orders of the circuit court for Sawyer county: JOHN K. PARISH, Circuit Judge. *Affirmed as to one order; appeal dismissed as to the other.*

The defendants are proceeded against personally and as executors of the last will and testament of Hiram W. Webster, deceased. The substantial allegations of the complaint are as follows: (1) That Hiram W. Webster, in his lifetime, was the owner of certain lands, describing them. (2) That Webster died May 4, 1884, leaving a will, in which the defendants

were named as executors; and that they accepted the trust.
(3) That the executors named were empowered to sell said
real estate.   (4) That in October, 1884, the executors filed
an inventory, in which the lands in question were valued at
$10,000.   (5) That in July, 1886, the executors offered said
lands for sale for $26,500, and that, in case they were not
sold during that month, they would be offered for sale at
public auction, without reserve.   (6) That on July 20, 1886,
plaintiff promised to pay, and *Sargent* and *Webster* agreed to
receive, $26,500 for said lands, but that this court decided
that agreement void.   (7) That thereafter defendants, as ex-
ecutors, offered said lands for sale at auction, that many
bids were made, and that plaintiff's bid of $34,000 was the
highest and best bid, and that he was prepared to pay the
money and receive a deed, and demanded that said lands be
conveyed to him, "at which auction sale, memoranda of the
bids and sale were duly made and kept by the parties afore-
said."   (8) That thereafter defendants notified plaintiff at
two different times that said lands would be sold at auction,
and at each of said sales plaintiff attended, numerous bids
were made, and he was the highest and best bidder for the
same.   (9) That plaintiff has been ever ready and willing to
pay the amount of his said bid, and to carry out any one of
his said bids; that he has "expended large sums of money
and valuable time in his effort and endeavor to purchase"
said lands, but defendants refuse to convey the same to him.
(10) "That the defendant *Hicks* heretofore, to wit, at the
time of said auction sales, conspired and connived, with the
knowledge of the other defendants, to cheat and defraud this
plaintiff out of the said lands, and of the purchase thereof,
and which said other defendants then and there, by their
course and conduct in the matter, permitted said defendant
so to do, and thus became liable, together with the estate
aforesaid, to this plaintiff in the premises."   (11) That said
*Hicks* declared to the other defendants that plaintiff should
not have said lands, and the other defendants, by their acts,

consented thereto; "that the knowledge of said fraudulent acts and purposes of the said defendants was not obtained or received or known to this plaintiff until June, 1894;" that the purpose of *Hicks* to obtain plaintiff's bid and prevent his obtaining the lands, and the consent thereto by the other defendants, was made with intent to defraud and deceive the plaintiff. (12) That plaintiff has expended for his expenses for the purpose of purchasing said lands $3,500, and the value of said lands when purchased by plaintiff was $52,500.

The demand for relief is that defendants be required to convey said lands to the plaintiff, and pay such damages as he has suffered; and, if defendants have conveyed said lands, then that plaintiff have judgment for the value thereof, less the amount of his bid.

Defendants *Sargent* and *Webster* filed separate demurrers as individuals and as executors: (1) " That several causes of action have been improperly *found* " [the word "found" was evidently intended for the word "united," as found in the statute]: (a) " One cause of action for specific performance, another in tort." (b) A cause of action against the, defendants personally with an action against them as executors. (2) That the complaint does not state facts sufficient to constitute a cause of action. And (3) that the action was not commenced within the time limited by law. The defendant *Hicks*, personally and as executor, entered a motion to make the complaint more definite and certain.

The demurrers were sustained, and the motion to make more definite and certain granted. Plaintiff appealed from both orders.

For the appellant the cause was submitted on the brief of *J. F. Ellis.*

For the respondent *Hicks* there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper.*

For the other respondents there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.*

BARDEEN, J.   The appeal from the order directing plaint-
iff to make his complaint more definite and certain should
be dismissed.   The application in this respect was addressed
to the discretionary power of the court, and cannot be re-
viewed except for abuse.   There were ample grounds for
the order made in this case.   *McCarville v. Boyle*, 89 Wis.
651; *Adamson v. Raymer*, 94 Wis. 243.

The complaint, as challenged by the demurrer, raises two
questions: (1) Does the complaint state facts sufficient to
constitute a cause of action?   (2) Is there a misjoinder of
causes of action?

There were two demurrers, one interposed by defendants
*Sargent* and *Webster* as individuals, and the other in their
capacity as executors.   A mere inspection of the complaint
leads at once to the conclusion that it is barren of allegation
of any fact to support a suit against *Sargent* and *Webster* as
individuals.   If they are chargeable at all as individuals, it
arises from the allegations of fraud contained in the tenth
and eleventh paragraphs of the complaint, which are sub-
stantially set forth in the statement of facts.   In the tenth
paragraph it is said that the defendant *Hicks*, at the time of
said auction sales, conspired and connived, with the knowl-
edge of the other defendants, to cheat and defraud the plaint-
iff out of said lands, and that the other defendants, by their
course and conduct in the matter, permitted *Hicks* so to do,
and thus became liable with the estate by virtue of the fraud
aforesaid.   In the following paragraph the pleader states
substantially that *Hicks* determined and declared to the
other defendants that plaintiff should not be permitted to
purchase said lands, and that the other defendants, by their
acts in the premises, consented thereto; and that the acts of
*Hicks*, and the consent thereto by the other defendants, were
made with intent to defraud and to deceive the plaintiff.
The other allegations of the complaint indicate that, in so·
far as these defendants were dealing with the land, they

acted in the capacity of executors; and if, as plaintiff claims, a contract was made which he is entitled to have enforced, the attempt to charge fraud upon the defendants personally avails him nothing. But, if this fact should be deemed material to the plaintiff's right of recovery, yet the pleader has violated every canon of correct pleading by omitting to state any fact from which the conclusion of fraud may be inferred. He contented himself with stating vague and unsatisfactory conclusions, leaving it in uncertainty as to what his real purpose was. "In alleging fraud it will not suffice to say that the party fraudulently procured, or fraudulently induced, or fraudulently did this or that, or that he committed or was guilty of fraud; the facts which constitute the fraud must be stated. Fraud is a conclusion of law. A statement that defendants in 'concert did, by connivance, conspiracy, and combination, beat and defraud the plaintiff out of,' etc., does not state the facts that constituted the cause of action. It does not appear what they did; the legal conclusion — an epithet only — is applied to their acts without knowing what they were." Bliss, Code Pl. § 211; *Cohn v. Goldman,* 76 N. Y. 284. Tested by this rule, the complaint falls far short of stating a cause of action against the defendants as individuals, even if it be conceded that they may be joined in this action.

As affecting the defendants in their official capacity as executors, the complaint states that in July, 1886, the plaintiff promised to pay the defendants the sum of $26,500 for this land, and the defendants *Sargent* and *Webster* promised to receive the same therefor, but that this court held such agreement void; that thereafter defendants notified plaintiff that said lands would be put up at auction and sold to the highest bidder; that thereafter said lands were put up at auction, defendant *Hicks* acting as auctioneer and bidding against the plaintiff; that many bids were made, and that plaintiff's bid of $34,000 was the highest and best bid; that

at said sale "memoranda of the bids and sale were duly made and kept by the parties aforesaid." The pleader fails to state that any sale was in fact made; but, if he had stopped here, it is possible that we might have inferred, from the statement that "memoranda of the bids and sale were duly made and kept," that such memoranda, duly made, might have been a compliance with sec. 2304, R. S. 1878. *Gunderson v. Thomas,* 87 Wis. 406. This section provides that every contract for the sale of any lands shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the sale is made, or his lawfully authorized agent. This court has held that auction sales of real estate come within the statute, and that the memorandum, to make the sale valid, must be made by the auctioneer contemporaneously with the sale. *Bamber v. Savage,* 52 Wis. 110. But the pleader does not stop here. In the eighth and ninth paragraphs of the complaint he states that thereafter — that is, after the alleged sale before mentioned — the defendants at two different times notified him that said lands would be sold at auction to the highest bidder for cash, and that at each of said two sales the plaintiff attended and bid upon said lands, and at each he was the highest and best bidder therefor, and that he has been ready and willing to carry out any one of his said bids, and to purchase said lands, but the defendants have refused to convey the same. Whatever inference the court might have been at liberty to indulge in to support the alleged sale first mentioned is negatived by these averments as to subsequent sales. Construing the complaint together, it is entirely uncertain upon which sale the plaintiff relies, and we are not assisted in any way by reference to the prayer for relief.

But conceding that he relies upon the sale first mentioned, personally, I have grave doubts as to the sufficiency of the allegations of the complaint in reference thereto. The alle-

gation that *Hicks* acted as auctioneer and executor and bid at the sale against the plaintiff would seem to indicate that the sale was not without reserve.   All the authorities agree that, in order to complete a sale at auction, there must be a bidder capable of becoming a purchaser, and *an acceptance* thereof by the auctioneer, either by the knocking down of a hammer, or some other usual mode of declaring the sale complete.   Bateman, Auctions (5th ed.), 164; Squibbs, Auctioneers, 43; 2 Livermore, Agency, 333.   Every bidding is nothing more than an offer on one side, which is not binding on either side till it is assented to.   There is no showing that the alleged sale was ever assented to by these demurring defendants.   This court has decided that all the executors must join in the execution of the power of sale under the will under which they act.   It may be doubtful, also, whether the allegation in regard to the making and keeping of memoranda of bids and sale is sufficient, even under the most liberal construction of the pleading.   Had there been a positive allegation of sale at auction, followed by another that "memoranda were duly made and kept," we might be compelled to hold it sufficient, under the former decisions of this court.   It is, however, a loose and shiftless style of pleading, that ought not to receive encouragement.

This view of the pleading perhaps renders it unnecessary to decide the other grounds of demurrer.   For the future guidance of parties interested, it may not be out of place to call attention to the rule regarding the joinder of causes of action in cases like this.   The following quotation from Pomeroy's Code Remedies (§ 502) seems to state the rule with sufficient clearness to leave nothing else to be said: "Another particular rule, which is but an application of the same doctrine, requires that the several causes of action against or for a given person should all affect him in the same capacity.   In other words, a demand for or against a party in his personal character cannot be united with an-

other demand for or against him in a representative character as trustee, executor, administrator, receiver, and the like. The reason usually given for this rule when applied to defendants is that the judgment upon one cause of action would be against the defendant personally, to be made *de bonis propriis*, while the judgment upon the other cause of action would be against him in his representative or official capacity, and not to be made out of his own property; as, for example, it might be made *de bonis testatoris.*" See *Hoffman v. Wheelock*, 62 Wis. 434.

The ground of demurrer assigned that the action was not commenced within the time limited by law will not be considered, because it fails to refer to the statute claimed to limit the right to sue. R. S. 1878, sec. 2651.

*By the Court.*— The appeal from the order to make the complaint more definite and certain is dismissed, and the order sustaining the demurrer is affirmed.