PARSONS, Respondent, vs. BALSON, Executor, Appellant.

*September 12—October 9, 1906.*

*County court: Appeal: Failure to prosecute: Dismissal: Discretion: Setting aside judgment for fraud: Limit of time: Probate of will: Constructive fraud: Guardian* ad litem: *Pleading: Lost or destroyed will: Presumption of revocation: Amendment of petition on appeal.*

1. Refusal of the circuit court to dismiss for want of prosecution, under sec. 4038, Stats. 1898, an appeal from county court which had been pending about five years, is *held* not to have been an abuse of discretion, it appearing that said time had been largely consumed in litigation of other cognate matters proper to be settled before proceeding with the appeal, and in negotiations for settlement, and that there had been destruction of papers and other matters, all tending to show that the delay was not unreasonable.

2. The power of the county court to set aside its order or judgment is not limited to one year after notice of the entry thereof, where such order or judgment was without jurisdiction or was the result of fraud.

3. Failure of the guardian *ad litem* of an infant heir to oppose the probate of a will giving all the property to another, and to call the attention of the court to undisputed facts showing that the will was not entitled to probate, was a constructive fraud upon the infant, justifying vacation of the order or judgment admitting the will to probate.'

4. The petition to set aside the order in such a case, although it does not in terms charge fraud, is sufficient if it alleges the facts constituting the constructive fraud.

5. Under sec. 3791, Stats. 1898 (providing for the establishment of any will which shall be lost or destroyed by accident or design), 'if a reasonable time elapsed after testator's knowledge of the destruction of a will and before his death, and he had opportunity to reproduce it but did not do so, a presumption of revocation arises and the will cannot be admitted to probate.'

6. Where a will was accidentally destroyed three years before the testator's death, with his knowledge, and he afterwards adopted a child, but did not reproduce said will or make a new one, it is *held* that the destroyed will was revoked.

7. A petition asking that an order admitting a destroyed will to probate be set aside because of the failure of the guardian *ad litem* of petitioner (an infant heir of the testator) to call the court's attention to undisputed facts showing revocation of the will, was denied by the county court. *Held*, that on appeal the circuit court properly allowed an amendment of the petition, setting up the claim of the petitioner as an after-born child and asking that an order assigning the real estate in accordance with the will be also set aside.

8. No appeal from the last-mentioned order was necessary in such a case, since it must fall if the probate of the will should be set aside.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

On the 15th day of June, 1876, one Henry D. Parsons made a will giving all his property to his wife, Cynthia A. Parsons. The will was kept in a tin box to which no persons had access except the testator and his wife. The box and its contents were on the 5th day of April, 1887, destroyed by a fire which burned the residence of said Parsons. After the destruction of the will, and on the 10th day of November, 1887, Henry D. Parsons and his wife adopted the respondent, *Lafayette R. Parsons.* Henry D. Parsons died on the 22d day of July, 1890, without having executed any other will. On petition of the widow, Cynthia A. Parsons, made in August, 1890, this destroyed will was, on the 5th day of September, 1890, admitted to probate as a lost or destroyed will under sec. 3791, R. S. 1878. At the time the alleged will was probated respondent was a minor of the age of fourteen

years. The estate of said Henry D. Parsons was adminis-
tered by Cynthia A. Parsons, and on November 10, 1891, her
final account allowed by the court, and the real estate left by
the deceased at the time of his death assigned to her.

*Lafayette R. Parsons,* the adopted son, became of age in
July, 1897, and on September 9, 1897, filed a petition in the
county court asking that the order of September 5, 1890, ad-
mitting the alleged will to probate, be vacated and set aside,
a suitable person appointed administrator of the estate, and
for general relief. Cynthia A. Parsons, the widow, filed an
answer to this petition, and shortly thereafter commenced
proceedings in the same court to set aside the proceedings
adopting *Lafayette R. Parsons,* which proceedings were liti-
gated through the courts and determined finally on appeal to
this court. *Parsons v. Parsons,* 101 Wis. 76, 77 N. W. 147.

Cynthia A. Parsons was afterwards, and in October, 1900,
put under guardianship as incompetent, and died on the 7th
day of September, 1901. About two months prior to her
death she made a will devising her property to strangers,
making no provision for her only heir, *Lafayette R. Parsons.*
This will was contested by respondent on the ground of in-
competency, but admitted to probate by the county court, and
judgment affirmed on appeal to the circuit court.

On December 12, 1899, the county court denied the peti-
tion of respondent praying that the order admitting to pro-
bate the alleged destroyed will of Henry D. Parsons be va-
cated and set aside, and on February 2, 1900, an appeal was
taken from such denial to the circuit court. After appeal to
the circuit court a supplemental petition was filed setting up,
in addition to the facts in the original petition, the adoption
of the respondent, that he was the only heir at law, and pray-
ing that the judgment of the county court admitting the will
to probate and order assigning the real estate to Cynthia A.
Parsons be vacated and set aside, and that, if the order be
not set aside, the petitioner be adjudged to be a son of Henry

D. Parsons born after the making of the will, and entitled to the rights of an after-born child, and for general relief. Notice was afterwards given of motion for leave to file this petition, which was never heard. The executor, *John Balson,* answered this supplemental petition. September 3, 1903, an order to show cause why the appeal to the circuit court should not be dismissed for want of prosecution was made, and an affidavit filed tending to excuse the delay in the prosecution of the appeal, which motion was denied November 18, 1905, and the action ordered revived and continued against the executor.

The action was afterwards tried, and the order of the county court refusing to set aside the probate of the alleged will was reversed, and the proceedings remanded to the county court with direction to set aside the order dated September 5, 1890, admitting the alleged will to probate, and to set aside so much of its order which decided that Cynthia A. Parsons was the sole devisee of Henry D. Parsons, and which assigned the real estate of Henry D. Parsons to her, and that said court by a new order assign the real estate to *Lafayette R. Parsons,* subject to the rights of Cynthia A. Parsons, and for such other relief as might be just upon full consideration of the matters involved, from which judgment this appeal was taken.

For the appellant there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.* They contended, *inter alia,* that the county court had no power to vacate the order or judgment after the term, except under sec. 2832, Stats. 1898, and that under that statute the motion for such relief must be not only made but decided within the year after notice or knowledge of the judgment to the moving party. *Knox v. Clifford,* 41 Wis. 458; *McKnight v. Livingston,* 46 Wis. 356; *Bloor v. Smith,* 112 Wis. 340; sec. 2832, Stats. 1898; *Whitney v. Karner,* 44 Wis. 563; *Quaw v. Lameraux,* 36 Wis. 626; *Black v. Hurlbut,* 73 Wis. 126; *Main v. McLaughlin,* 78 Wis. 449, 451. The circuit court on appeal had jurisdic-

tion only to affirm or reverse the order of the county court. It had no jurisdiction concerning the judgment assigning real estate, from which no appeal was taken.

For the respondent there was a brief by *Gary & Forward,* attorneys, and *Charles Barber,* of counsel, and oral argument by *C. H. Forward.*

KERWIN, J.   1. The first error assigned is the refusal of the court to dismiss the appeal for want of prosecution. Sec. 4038, Stats. 1898, provides that, if the appellant shall fail to prosecute his appeal with reasonable diligence, the circuit court, on motion of any person interested, shall dismiss the appeal or affirm the judgment or act appealed from, as such court shall deem just.   The question presented here under this assignment of error is whether the court below abused its discretion in refusing to dismiss the appeal.   It appears from the record that the appeal was pending for about five years before the motion to dismiss was made, but it also appears from the record and affidavits used on the motion for dismissal that substantial grounds existed for the delay.   The time during which the appeal was pending was largely consumed in the litigation of other matters, notably the contest over the adoption proceedings of *Lafayette R. Parsons,* respondent, which contest was litigated through the county and circuit courts and finally determined in this court.   It was quite reasonable that the litigation over the adoption of respondent should be finally settled before proceeding with the appeal.   There was also litigation over the guardianship of Cynthia A. Parsons, the widow, and a contest over her will; also other litigation and negotiations for settlement, all of which consumed considerable time, as appears from the record, and which was embraced within the period of time now complained of.   There was also destruction of papers and other matters referred to by the circuit judge in his opinion as tending to show that there was no unreasonable delay in

the prosecution of the appeal. Without further discussion upon this branch of the case, we think the showing made upon the motion to dismiss the appeal was amply sufficient to justify the court below in denying the motion. *Cavanaugh v. Scott,* 84 Wis. 93, 54 N. W. 328; *Carberry v. German Ins. Co.* 86 Wis. 323, 56 N. W. 920; *Kropp v. Kropp,* 97 Wis. 137, 72 N. W. 381; *Fleming v. Ellison,* 124 Wis. 36, 102 N. W. 398; *McCann v. Welch,* 106 Wis. 142, 81 N. W. 996.

2. It is further claimed by counsel for appellant that the power of the county court to vacate the order or judgment in question was limited to one year after knowledge of the entry of such judgment or order, and several cases are cited upon this proposition. The general principle of law, as laid down in the authorities cited, does not apply where the order or judgment is attacked on the ground of want of jurisdiction or fraud. The court below found there was both want of jurisdiction and fraud, hence the one-year limitation did not apply. We need not stop to consider whether or not the petition for the probate of the will of Henry D. Parsons as a lost will under the statute was sufficient to vest the county court with jurisdiction, because we are satisfied that the petition presented to the county court asking that the order probating the will be vacated and set aside made a case which entitled the petitioner to relief upon the ground of fraud, and that the finding of fraud is supported by the evidence. The petition showed the execution of the will of Henry D. Parsons June 15, 1876, the birth of respondent July 10, 1876, and his adoption on the 10th day of November, 1887; the destruction of the will April 5, 1887, with the knowledge of Henry D. Parsons, and the survival of said Parsons for a period of three years after the destruction of the will; his failure to make another will, although expressing his intention so to do, and his death on the 22d day of July, 1890; that at the time of hearing on petition to probate the will respondent was a minor about fourteen years of age; that both

his general guardian and guardian *ad litem* were present at the hearing, but made no objection to the probate of said will, and practically admitted that said destroyed will was the last will and testament of the deceased. It seems very clear that the failure of the guardian *ad litem,* who was appointed to protect the interests of the minor, to make any defense or oppose the probate of the will resulted in the making of the order. It is difficult to believe that, had the matter been properly presented to the county court, such order would have been made. It is quite clear from the record that there was no wilful misconduct on the part of the guardian *ad litem* or any person connected with the proceedings, but it is equally clear that the interests of the minor were left wholly unprotected. It was doubtless a case of failure on the part of the guardian *ad litem* to investigate the questions involved in the litigation, or call the attention of the court to the rights of the infant, and in consequence of such neglect and inattention he suffered the will to be probated, which will gave all the property, after payment of the debts and funeral expenses, to the widow. Upon the undisputed facts the will was not entitled to probate, and the failure of the guardian *ad litem* to call the attention of the court to such fact, therefore, obviously was at least a constructive fraud upon the infant. It was plainly the duty of the guardian *ad litem,* as an officer of the court and occupying a position of trust, to seasonably investigate the questions respecting the infant's rights in the matter and draw them to the attention of the court in order that such rights might be properly protected. *Tyson v. Richardson,* 103 Wis. 397, 79 N. W. 439; *Carty v. Connolly,* 91 Cal. 15, 27 Pac. 599. In *Forker v. Brown,* 30 N. Y. Supp. 827, 828, the court said:

"Fraud, in law, is of two kinds—actual and constructive. The former arises from deception practiced by means of the misrepresentation or concealment of a material fact; the latter, from a rule of public policy, or the confidential or fidu-

ciary relation which one of the parties affected by the fraud sustained towards the other. It is a constituent of actual fraud that the party alleged to have been defrauded was deceived. *Lefler v. Field,* 52 N. Y. 621. No positive dishonesty of purpose is required to show constructive fraud."

Within about two months after the minor attained his majority he promptly made application to the county court to have the order probating the will vacated, and we think the showing made was ample to warrant the court in taking jurisdiction and vacating the order, although long after expiration of one year from the time of its entry. *Estate of Leavens,* 65 Wis. 440, 447, 27 N. W. 324; *Beem v. Kimberly,* 72 Wis. 343, 39 N. W. 542; *In re Fisher,* 15 Wis. 511; *Estate of O'Neill,* 90 Wis. 480, 63 N. W. 1042; *Clyce v. Anderson,* 49 Mo. 37, 41; *Mills v. Smith,* 19 N. Y. Supp. 854; *Ferguson v. Lowery,* 54 Ala. 510; *In re Steele,* 65 Ill. 322; *Bond v. Lockwood,* 33 Ill. 212; 8 Am. & Eng. Ency. of Law (1st ed.) 647, 648. The point is made by counsel for appellant that fraud is not alleged, but the facts constituting a constructive fraud are alleged, and this is sufficient. Fraud is a conclusion of law. *Crowley v. Hicks,* 98 Wis. 566, 74 N. W. 348.

3. Coming to the merits of the case, the question is whether the court below was right in vacating the order of the county court admitting the will to probate and setting aside the order assigning the real estate to the widow, Cynthia A. Parsons. Although some evidence was offered in the court below, the facts set up in the petition are undisputed and found by the court. The first question arising is whether upon these undisputed facts the alleged destroyed will could be admitted to probate under the statute. It is argued that sec. 3791, Stats. 1898, contains no limitation, and provides that, whenever any will of real estate or personal property shall be lost or destroyed by accident or design, the county court shall have power to take proof of the execution and validity of such

will and establish the same. But the statute must have a reasonable construction in furtherance of justice and the object of its enactment. The question in all cases of reproduction of destroyed wills under this statute is whether the circumstances of destruction and acquiescence amount to a revocation. It would seem that the rule most consonant with the statute is that if knowledge of the destruction of the lost will be not brought home to the testator within such time as would reasonably enable him to reproduce it, or if he was prevented from so doing, it might be probated upon proper proof of the facts; but where reasonable time elapses after knowledge of the destruction, coupled with opportunity to reproduce the destroyed will, a presumption of revocation arises, and the destroyed will cannot be admitted to probate. In the case before us there is nothing to rebut the presumption of revocation. The destruction of the will three years before the testator's death, with his knowledge, together with the adoption of *Lafayette R. Parsons* after such destruction, revoked the will; hence there was no will which could have been admitted to probate as a lost or destroyed will. *In re Valentine's Will,* 93 Wis. 45, 67 N. W. 12; *Glascott v. Bragg,* 111 Wis. 605, 87 N. W. 853; *Gavitt v. Moulton,* 119 Wis. 35, 96 N. W. 395; *Estate of Deaves,* 140 Pa. St. 242, 21 Atl. 395; Thornton, Lost Wills, § 19.

4. It is further claimed that the court erred in allowing the petition to be amended so as to set up the claim of petitioner as being an after-born child, and asking that the order assigning the real estate of Henry D. Parsons to Cynthia A. Parsons be vacated and set aside. The original petition gave the county court jurisdiction of these matters; hence it was proper to allow the amendment, or the court could have granted the relief without the amendment. *Brook v. Chappell,* 34 Wis. 405. It is also argued that no appeal was taken from the order assigning the real estate. That was clearly unnecessary. The appeal from the judgment refusing to set

aside the probate of the will brought up the whole matter. The judgment assigning the real estate depended upon the probate of the will, and fell with the judgment setting such probate aside, at least so far as the questions involved upon this appeal are concerned. But it is said that rights vested by limitation under the judgment of probate in the devisees of Cynthia A. Parsons. Such parties, however, are not before this court upon this appeal, and their rights, therefore, cannot be considered. Even if the will were valid and entitled to probate, still, upon the undisputed facts, the respondent would be entitled to the rights of an after-born child, and even upon that phase of the case the judgment of the court below was right. *Glascott v. Bragg, supra; Sandon v. Sandon,* 123 Wis. 603, 101 N. W. 1089. It follows that the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed, and the cause remanded for further proceedings according to law.