McDonald v. Sullivan, 135 Wis. 361.

McDonald, Appellant, vs. Sullivan and others, Respondents.

*March 31—April 17, 1908.*

*Fraudulent conveyances: Action to set aside: Pleading: Necessary allegations: Recording act: Construction: Priorities: Estoppel.*

1. A complaint which seeks to set aside a deed because made in contravention of sec. 2297, Stats. (1898), must either allege directly that it was made with "the intent to defraud prior or subsequent purchasers for a valuable consideration of the same

land," as required by that section, or must allege facts from which such intent must be inferred when the allegations are given that liberal and reasonable construction to which they are entitled. Mere general allegations of fraud or fraudulent conspiracy are of no value in stating a cause of action under the statute, unless, indeed, the act which is charged to be fraudulent is necessarily so.

2. The protection of the recording act (sec. 2241, Stats. 1898) is not confined to a subsequent purchaser immediately from the same grantor, but applies to one who takes from him through mesne conveyances, and protects him, if a purchaser in good faith for value, in case the chain of title to him is first of record, although the intermediate grantees were chargeable with bad faith or paid nothing.

3. In an action to remove clouds on title, consisting of outstanding deeds to third parties, which were alleged to be invalid because cut off by the provisions of the recording act (sec. 2241, Stats. 1898), both plaintiff and defendant traced title to K., the common source. Plaintiff's title rested on a deed from K. to S. delivered August 25 and recorded September 11, and a deed from S. to plaintiff dated November 12 and recorded November 21. Defendant's title rested on a deed from K. to W. dated June 28, and from W. to F. dated June 29, both deeds being recorded August 29. The deed from F. to defendant was delivered September 12 and recorded September 17. *Held*, that the recording act protects the one "whose conveyance shall be first duly recorded," and therefore the deed from W. to F., although without consideration, and, it may be, fraudulent, and although recorded after S.'s deed was delivered, must prevail.

4. Where a deed in fraud of a former purchaser is made and recorded prior to the former purchaser's deed, such purchaser gains nothing by subsequently recording his deed, but must resort to his remedy by action to set aside the prior conveyance on account of fraud.

5. An innocent purchaser defrauded by a deed made and recorded prior to his own is not estopped as against a *bona fide* vendee of the fraudulent party to seek to set aside the fraudulent deed by a mere delay in recording his deed for seventeen days after its delivery, unaccompanied by any other act or default on his part upon which such *bona fide* vendee placed reliance, especially in view of the fact that the innocent purchaser's deed was actually of record before the deed of the *bona fide* vendee was delivered.

TIMLIN, J., concurs upon the ground that the complaint does not sufficiently allege fraud.

APPEAL from an order of the circuit court for Forest county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action in equity to remove clouds from the title of certain vacant and unoccupied lands in Forest county by canceling as fraudulent certain recorded deeds thereof. The defendants *Michael H. Sullivan, Frank E. Knaup,* and *A. E. Knaup* each filed a separate general demurrer to the complaint, and the plaintiff appeals from an order sustaining each of said demurrers. The complaint alleges, in substance, that the defendant *A. E. Knaup* became the owner of the premises May 29, 1906, by deed which was duly recorded July 20, 1906; that one M. H. Stone in good faith purchased the premises from said *Knaup* for a valuable and adequate consideration August 4, 1906, by deed delivered August 25, 1906, and recorded September 11, 1906; that the plaintiff, in good faith and for a valuable consideration, purchased the premises of Stone November 12, 1906, by warranty deed dated and delivered on that day, and duly recorded November 21, 1906, and has since been the owner in fee simple thereof. These deeds constitute the plaintiff's chain of title. The complaint then alleges that on the 29th of August, 1906, the defendants R. G. Werner, E. G. Fuller, *A. E. Knaup,* and *Frank E. Knaup,* "maliciously and wrongfully combining, confederating, conspiring, contriving, and intending to injure and defraud, and in pursuance of an unlawful, wrongful, and fraudulent conspiracy between the said defendants, with intent to injure and defraud, caused to be placed on record in the office of the register of deeds of Forest county, Wisconsin, two certain fraudulent, spurious, void, and pretended deeds and conveyances of said premises, viz., a pretended and void warranty deed" from said *A. E. Knaup* to said R. G. Werner, pretending to be dated June 28, 1906, and recorded in volume 21 of Records, at page 344, in said register's office, also a pretended and void quitclaim deed from said R. G. Werner to said E. G. Fuller, pretended to

be dated June 29, 1906, and recorded in volume Q1, on page 460, in said register's office; that both of said last-named deeds were and are wholly and utterly void and wrongfully and fraudulently given, received, and recorded for the purpose of defrauding as aforesaid, were wholly without consideration either given or received, and were wholly and utterly spurious; that on the 12th day of September, 1906, the defendant Fuller delivered to the defendant *Sullivan* a purported warranty deed of the premises in question which purports to have been made August 28, 1906, and which was recorded in the proper office September 17, 1906, and not before, and that said *Sullivan* claims title and ownership of said premises under said pretended warranty deed, but that in truth and in fact said last-named pretended conveyance is utterly void and invalid as to the plaintiff and a cloud upon his title; that all of the defendants claim that said three last-named deeds are valid and that *Sullivan's* title thereunder is valid, whereas in fact and in truth all of said deeds are utterly void and invalid as to plaintiff and are clouds upon plaintiff's title; and that plaintiff has no adequate remedy at law. Judgment is demanded declaring said deeds to be void and a cloud upon plaintiff's title and that they be canceled, and for such further relief as may be just and equitable.

For the appellant there were briefs by *Thompsons, Pinkerton & Jackson,* and oral argument by *C. D. Jackson.*

*William N. Powers* and *Francis J. Rooney,* for the respondents.

WINSLOW, C. J.    The plaintiff claims that under the allegations of his complaint the deeds which he attacks are shown to be invalid as to him upon two grounds: First, because made with intent to defraud prior or subsequent purchasers of the land, contrary to the provisions of sec. 2297, Stats. (1898); and second, because cut off by the provisions

of the recording act, sec. 2241, Stats. (1898). These contentions will be considered in their order.

1. Sec. 2297, above referred to, provides as follows:

"Every conveyance of any estate or interest in land or the rents and profits of lands, and every charge upon lands or upon the rents and profits thereof, made or created with the intent to defraud prior or subsequent purchasers for a valuable consideration of the same lands, rents or profits, as against such purchasers, shall be void.".

It must at once be admitted that a complaint which seeks to set aside a deed because made in contravention of the terms of this section must either allege directly that it was made with the particular intent to defraud which the statute specifies, or must allege facts from which such intent must be inferred when the allegations are given that liberal and reasonable construction to which they are entitled. This court has consistently held in numerous cases, and in accord with the weight of authority elsewhere, that mere general allegations of fraud or fraudulent conspiracy are of no value in stating a cause of action, unless, indeed, the act which is charged to be fraudulent is necessarily so. Generally speaking, fraud is a conclusion of law, and facts, not conclusions, must be stated in a pleading. *Crowley v. Hicks,* 98 Wis. 566, 74 N. W. 348; *New Bank v. Kleiner,* 112 Wis. 287, 87 N. W. 1090, and cases cited. The great essential fact which is necessary to bring the making of the deeds within the condemnation of the section quoted is that they were made "with intent to defraud prior or subsequent purchasers for a valuable consideration." Intent to defraud creditors merely will not be sufficient, nor will intent to accomplish other unjust results which may properly be called fraudulent in a general sense, such as the depriving a prospective wife of dower rights, defeat the deeds at the suit of a purchaser. There must have been the specific intent to defraud purchasers. Mere multiplication of epithets, even of an un-

pleasant nature, carries little or no weight. The pleader in the present case has industriously ransacked the dictionary in order to pile up adjectives and adverbs characterizing the transactions attacked as generally reprehensible, fraudulent, and void; but it is apparent that he has been equally industrious in omitting any statement that the intent required by the statute ever existed. In the absence of any such statement or of any other statement of fact from which such intent must necessarily follow, the complaint cannot be said to state a case of fraud under the terms of sec. 2297.

2. The charges of fraud and conspiracy being thus eliminated from the complaint, we come naturally to the consideration of the effect of the recording act upon the rights of the parties. Our recording act—sec. 2241, Stats. (1898)—provides that

"Every conveyance . . . which shall not be recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof *whose conveyance* shall first be duly recorded."

*A. E. Knaup* was the common source of title. The complaint alleges that both Stone, the plaintiff's immediate grantor, and the plaintiff himself were purchasers in good faith for a valuable consideration. The plaintiff, therefore, stands in the shoes of Stone and is entitled to the same rights which Stone would have had against the defendants if he had made no conveyance to the plaintiff. The good faith of *Sullivan* is not impeached, nor is it alleged that his conveyance was not founded upon due consideration, so he also is entitled to be treated as a purchaser in good faith for a valuable consideration. Stone's deed was delivered August 25th and recorded September 11th. *Sullivan's* deed from Fuller was dated August 28th, delivered September 12th, and recorded September 17th. If the question of priority depended solely on priority of delivery and recording as between these two deeds, the plaintiff's title would unquestionably be para-

mount, for his deed is prior both in delivery and in record. *Sullivan,* however, is entitled to all the rights which Fuller had. He is entitled to no more under the recording act; for, in order to be protected under that act, it is established in this state that *his conveyance* (in this case the deed from Fuller to *Sullivan*) must be first recorded. *Fallass v. Pierce,* 30 Wis. 443; *Butler v. Bank of Mazeppa,* 94 Wis. 351, 68 N. W. 998. So, when the rights of Fuller as against Stone under the recording act are determined, the rights of *Sullivan* as against Stone are also determined so far as the provisions of that act are concerned. Fuller's deed from Werner was dated June 29, 1906, and Werner's deed from *Knaup* was dated June 28, 1906, and both are recorded August 29th. Thus they were dated before Stone's deed was delivered, and recorded after Stone's deed was delivered but before it was recorded. Both of them, it is true, were without consideration, but Fuller's deed was recorded before Stone's, and so Stone, though a purchaser in good faith for a valuable consideration from *Knaup,* does not come within the protection of the recording act as against Fuller, because his conveyance was not first duly recorded. The principle was thus stated by Dixon, C. J., in *Fallass v. Pierce,* 30 Wis. 443, 471, 472, as follows:

"The statute does not read: 'Every conveyance in good faith and for a valuable consideration of real estate within this state hereafter made, which shall not be recorded,' etc. The first deed may be executed and received, therefore, *mala fide* and without the payment of any consideration of value, and yet, if the grantee therein causes the same to be recorded *before* the deed to the subsequent purchaser in good faith for value is recorded, the statute does not save or protect the rights of the latter or give him any advantage by or through the subsequent recording of his own deed. . . . The subsequent purchaser in such case can gain nothing by such subsequent recording, but must resort to his remedy by action to set aside the prior conveyance on account of the fraud, if it be a fraud upon him or such as to give him that right."

The language exactly fits the present case. Stone did not. record his conveyance first, and the benefit of the recording act is confined to one who does record his conveyance first.. If the conveyances to Werner and Fuller were made with intent to defraud Stone, he had his remedy by timely action to. set them aside, and that remedy doubtless passed to the plaintiff, unless possibly there be circumstances which would estop the plaintiff from enforcing such a remedy against *Sullivan*, in analogy to the principle laid down in *Marling v. Nommensen*, 127 Wis. 363, 106 N. W. 844. The mere delay of Stone in recording his deed for seventeen days after its delivery, unaccompanied by any other act or default on his part upon which *Sullivan* placed reliance, especially in view of the fact that Stone's deed was actually on record before *Sullivan's* deed was delivered, cannot be held to constitute an. estoppel.

*By the Court.*—Order affirmed.

TIMLIN, J. I concur in the affirmance upon the ground that the complaint is insufficient in its averments of fraud,. but I do not think the rule of *Fallass v. Pierce*, 30 Wis. 443,. is by the majority opinion properly applied to the facts in: this case.