RICHARD C. KELLY, District Attorney, Juneau County
You have requested the opinion of this office as to whether a supplemental indenture mortgaging real estate must be indexed in the Juneau County Tract Index. You state that the Wisconsin Power and Light Company has recently executed such a supplemental indenture to the First Wisconsin Trust Company. You state that approximately 1,250 parcels of real estate are involved, all of which are apparently located in Juneau County. Indexing this indenture in the county tract index would, therefore, require approximately 1,250 entries at an estimated cost of $125.00 to Wisconsin Power and Light Company.
Additionally, you state your opinion that the indenture must be indexed in the county tract index. Your opinion, and the reasons you give for it, appear to be correct.
Section 59.51, Stats., states:
"The register of deeds shall:
"***
 "(3) Keep the several books and indexes hereinafter mentioned in the manner provided."
Section 59.55 (1), Stats., provides:
 "The register shall also keep a tract index in suitable books, so ruled and arranged that opposite to the description of each quarter section, sectional lot, town, city or village lot or other *Page 255 
subdivision of land in the county, which a convenient arrangement may require to be noted, there shall be a blank space of at least forty square inches in which he shall enter in ink the letter or numeral indicating each volume, and the class of records of such volume designating mortgages by the letter M, deeds by the letter D, and miscellaneous by the abbreviation Mis., and the register of attachments, sales and notices by the letter R, together with the page of said volume upon which any deed, mortgage or other instrument affecting the title to or mentioning such tract or any part thereof shall heretofore have been or may hereafter be recorded or entered; provided, that no such index shall be kept in any county where none now exists until ordered by the county board to be made; but no such index, when once made in any county, shall ever thereafter be discontinued, unless such county has or shall adopt, keep and maintain a complete abstract of title to the real estate therein as a part of the records of the office of the register of deeds thereof." (Emphasis supplied.)
Accordingly, since Juneau County maintains a tract index, the register of deeds is required by sec. 59.51 (3) to "keep" it. Keeping it, as the above-emphasized language of sec. 59.55 (1) makes clear, requires that the register enter into the index all recordings which affect title to or mention tracts which are covered by the tract index.
A supplemental indenture of the sort you describe falls within the ambit of sec. 59.55 (1), Stats. It is a mortgage instrument mentioning and affecting the title of tracts of real estate.
The letters you attached to your request make reference to secs. 182.025 and 706.08 (2), Stats. As you recognize, these statutes are not pertinent to the precise issue raised.
Section 182.025, Stats., authorizes utility corporations and cooperative associates to mortgage properties and provides special provisions for recording the security interests created thereby. If such a mortgage falls within the criteria of sec.59.55 (1), Stats., and is recorded in a county that maintains a tract index, the register of deeds must enter it in the index.
Section 706.08 (2), Stats., simply provides that if a recording is deficient or erroneous but the conveyance is properly indexed in a *Page 256 
tract index, it will be deemed duly recorded. The committee comment to the bill which created sec. 706.08 (2), Stats., states the purpose of the section as follows:
 ". . . To reverse, where notice is assured by tract index, the `chain of title' rule adopted in Zimmer v. Sundell [1941], 237 Wis. 270, 296 N.W. 589." Ch. 285, sec. 23, Laws of 1969, p. 920.
Thus, the statute has no bearing on the question of whether a particular instrument must be entered in the county tract index.
I conclude that sec. 59.55 (1), Stats., requires that a supplemental indenture be indexed to the parcels of land which are affected thereby. Moreover, failure to do so could subject the register of deeds to personal liability for damages suffered by subsequent purchasers of the unindexed tracts if such damages result from the failure of the index to give notice of incumbrances on the title to the property. Johnson v. Brice
(1899), 102 Wis. 575, 78 N.W. 1086.
RWW:DCM:CAB