In the matter of Howe, infants.

Where creditors apply for payment of their debts out of a fund and children are interest-
ed in it, a guardian ad litem will be appointed for them to appear before the master to
scrutinize the creditors' claims and protect their rights.

Creditors applying to prove their debts against a testator's estate, are to be allowed all
costs incident to it out of the fund.

Mode pursued by the master in taking proof from the creditors; note (a).

*August* 18,
1835.

*Practice.*
*Infant.*
*Debtor and*
*Creditor.*
*Guardian ad*
*litem.*
*Costs.*

A sale of infant's real estate had taken place, for the pur-
pose of paying debts; and the amount of the sale had been
brought into court.   Upon an application for an order of
reference to a master to take proof of debts.   THE VICE-
CHANCELLOR considered there ought to be a guardian *ad*
*litem* for the children, in order to protect them from impro-
per charges by the creditors.   The following order was
entered:

" *It is ordered,* that it be referred to William
Van Wyck, Esquire, one of the Masters of this
Court, to take proof of the debts due by the said
Jedediah Howe, deceased, and that the said Master
do cause notice to be given daily for three weeks
in one of the public newspapers published in the
city of New York and once a week for three weeks
in the state paper, for all creditors of the said in-
testate to come in before him and prove their re-
spective debts and that he fix a peremptory day
for that purpose; and such of them who shall not
come in before the said Master and prove their
debts by the time so to be limited are to be ex-
cluded from the benefit of this decree.   And it is
further ordered that C. E. Esquire, one of the soli-
citors of this court be and he is hereby appointed
guardian *ad litem* for the said infants, to attend be-
fore the said Master in their behalf and protect
their rights herein; and that the said Master do

report with all convenient speed—and all further directions are reserved until the coming in of the said report."(a)

---

*October* 24.

Upon the coming in of the master's report, the guardian *ad litem* suggested, whether the creditors, who had obtained the reference, ought not to bear the whole of the costs of it; and cited Bennett's Master, 55, where he says, "Every creditor establishes his claim at his own expense." But THE VICE-CHANCELLOR decided that the fund in court must bear the expenses of the master, guardian *ad litem* and solicitor of the creditors.

---

(a) A question arose before the master upon this reference as to the mode in which the creditors should prove their debts: when he adopted the course directed by the R. S. upon claims presented to an executor or administrator (2 R. S. 88, § 35.) "Upon any claim being presented against the estate of any deceased person, the executor or administrator may require satisfactory vouchers in support thereof and also the affidavit of the claimant that such claim is justly due, that no payments have been made thereon, and that there are no offsets against the same to the knowledge of snch claimant." And it is presumed there can be no particular objection to this course in all general cases. It amounts to what is required in the English practice, except where the claim happens to be disputed; and then the creditor has to answer written interrogatories (settled by the master) or depose *viva voce* and witnesses must be examined: See *Bennett's Master*, 54.