Tyson vs. Richardson.

Tyson, Respondent, vs. Richardson, imp., Appellant.

*May 18 — June 2, 1899.*

103    397|
s110   578|

*Guardian* ad litem: *Compensation: How enforced: Practice.*

1. A guardian *ad litem,* appointed to defend infant defendants' title to property, is entitled to have the court appointing him, and in which the litigation occurs, determine the proper allowance that should be made to him for services actually performed and disbursements reasonably made, and to a reasonable exercise of the power of the court to enable him to recover such allowance out of any property under the control of the court or protected in the action.

2. Ordinarily the control of an infant's property, forming the subject of an action in court, for the purpose of enforcing payment of the allowance made to his guardian *ad litem* for services and disbursements therein, should not go further than the income thereof; but where there is no income, or not sufficient to secure payment of such allowance within a reasonable time, sufficient of the property should be sold for that purpose.

Tyson vs. Richardson.

3. A guardian *ad litem* having performed valuable services for infant defendants in protecting their title to property from which there is no income, there being no other way by which the court can enforce payment of his compensation for services and disbursements, it is a proper exercise of judicial power to declare the same a lien upon such property and to order that, in case the same be not paid within one year from the entry of the order, the lien may be enforced according to the rules and practice of the court and the statutes in regard to foreclosure of mortgages.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The action was commenced to quiet the title to some valuable real estate in the city of Milwaukee. The question involved was whether plaintiff was the owner in fee of such property or only a life interest, and her infant children, Virginia C. Tyson and Juliet C. Tyson, the estate in remainder, subject to some contingencies not necessary to specially mention. In due form of law *Hamilton P. Richardson*, a member of the bar of said court, was duly appointed guardian of the infant defendants, and thereafter performed the duties of his office with such fidelity and ability that, notwithstanding an adverse decision in such court, he obtained a decree fully establishing the rights of such defendants and limiting the title of plaintiff in the property in question to a life estate with power of appointment, the exact nature of which power it is not necessary to state. After the litigation was substantially terminated, *Mr. Richardson*, on a petition setting forth its history and his services, moved the court for an order fixing and allowing his compensation for such services and his disbursements in the matter, and for the payment thereof out of the entire estate in remainder conserved by his services and expenditures and declaring the amount so allowed a lien on such estate, and that such portion thereof as might be necessary should be sold to satisfy such allowance, and for a reference to aid the court in determining the

Tyson vs. Richardson.

proper amount of his claim, if that course should appear to the court advisable. The motion was heard on due notice to all persons interested, and resulted in an order denying it, from which order this appeal was taken.

*Charles E. Monroe*, for the appellant.

For the respondents there was a brief by *Rollin M. Mallory*, guardian, and *Edward S. Bragg*, of counsel, and oral argument by *Mr. Mallory*. To the point that an attorney has no lien on his clients' lands for services rendered in defending them, they cited *Shaw v. Neale*, 6 H. L. Cas. 591; *Lee v. Winston*, 68 Ala. 402; *McWilliams v. Jenkins*, 72 Ala. 480; *Hinson v. Gamble*, 65 Ala. 605; *McCullough v. Flournoy*, 69 Ala. 189; *Hanger v. Fowler*, 20 Ark. 667; *Hershy v. Duval*, 47 Ark. 86; *Smalley v. Clark*, 22 Vt. 598; *Cozzens v. Whitney*, 3 R. I. 79; *Humphrey v. Browning*, 46 Ill. 476; *Stewart v. Flowers*, 44 Miss. 513; *Martin v. Harrington*, 57 Miss. 208; *Fowler v. Lewis's Adm'r*, 36 W. Va. 112; *McCoy v. McCoy*, 36 W. Va. 772.

MARSHALL, J. It was the duty of the court or judge, or some officer authorized by law to perform the duties of judicial administration in the action, to appoint a guardian *ad litem* for the infant defendants, and such guardian was required to be an officer of the court fully competent to understand and protect the rights of the defendants, and in no way connected in business with the attorneys for the adverse party, and of sufficient financial ability to compensate the infants for any loss that might be sustained by them through his neglect or misconduct in attending to their defense. Circuit Court Rule IX, secs. 3, 4. That requirement was complied with. It was the further duty of the person appointed, being an officer of the court, to accept the trust reposed in him and to seasonably investigate the questions of law and fact involved in the litigation, and to the best of his ability discover the rights of the defendants, to take

nothing for granted in plaintiff's favor that by any reasonable probability could be the subject of contest, to make no admissions regarding such matters adverse to the defendants, but to put the plaintiff to proof of the facts as to every such matter upon which relief in her behalf was demanded, to make a vigorous defense against plaintiff's claim where defense was reasonable in any view of the case, to bring all the facts and the law in defendants' behalf, so far as practicable, to the attention of the court, not stopping even with an adverse decision if reasonable doubt as to its justice existed; and it was the duty of the trial court to see that the duty of the guardian *ad litem*, as indicated, was faithfully performed. *Tyson v. Tyson*, 94 Wis. 225. The appellant comprehended with strict accuracy the nature of his office and brought to the discharge of its obligations able, faithful, and successful service, meeting and overcoming not only the adverse attack upon the infant defendants' rights, but upon his own conceptions of duty, as indicated in the two opinions filed in this court. *Tyson v. Tyson*, *supra*, and *S. C.* 96 Wis. 59. Having performed the labors incident to his position, as stated, the appellant was entitled to a reasonable compensation for his services and to his reasonable disbursements, and it was the plain duty of the court, whose officer he was, to examine his claim for such compensation and disbursements, and to audit and allow it at the proper sum, and also to use its power, so far as reasonably necessary, to enforce payment of such allowance out of any property of defendants controlled by the court or protected by its decree, in accordance with settled principles of judicial administration.

Infant defendants in such cases are the wards of the court and entitled to its special care and protection. A guardian *ad litem* is the arm of the court, as it were, with which that duty is performed, and the presiding judge should always be alive to the importance of its officer in such a situation,

Tyson vs. Richardson.

defending its wards with the strictest fidelity, and should encourage faithful service in that regard in every practical way. To that end he should use all reasonable means to see that such officer is not compelled to go without proper remuneration for his services, where there is property of its wards that can be reached by its jurisdiction.

A brief reference to authorities will amply show that the foregoing observations are in accord with a practice that is quite ancient and universal, especially in suits in equity and chancery proceedings. In New York there is a rule of court on the subject, but in *Weed v. Paine*, 31 Hun, 10, the court said that such rule goes no further than the inherent power of the court, which extends to the making of a proper allowance to a guardian *ad litem* in view of services in fact performed, payable out of the subject matter of the action; that such an allowance has nothing to do with the Code provisions in relation to costs and allowances in actions. In *Union Ins. Co. v. Van Renssalaer*, 4 Paige, 85, it was held that an allowance, in addition to taxable costs, should be made to a guardian *ad litem*, such allowance, however, to be paid out of the infant's property under the control of the court. To the same effect are Field, Inf. 251; Simp. Inf. 464; 2 Daniell, Ch. Pr. 1457; *In re Howe*, 2 Edw. Ch. 484; *Gott v. Cook*, 7 Paige, 521; Gibson, Suits in Ch. § 1031; 2 Barb. Ch. Pr. (1st ed.), 207; *Richardson v. Van Voorhis*, 3 N. Y. Supp. 396; *Kerbaugh v. Vance*, 5 Lea, 113; *Persons v. Young*, 7 Lea, 293; *Ex rel. Sheahan v. Wayne Circuit Judge*, 42 Mich. 69.

A distinction is made in the authorities between the method of enforcing payment of the compensation allowed to an attorney for services rendered an infant defendant, and such an allowance to a guardian *ad litem* who is an attorney of the court. In the former case, it is said, the court will not, ordinarily, exercise jurisdiction beyond the fund or property actually recovered and under the control of the court. Gibson, Suits in Ch. § 1030; *Garner v. Garner*, 1 Lea, 29. But in

Tyson vs. Richardson.

the latter situation it has been held that the guardian's allowance may be declared by the court a lien upon the property and property rights protected in the action, and enforced as such, and no distinction in that regard is made between real and personal property.

A little reflection upon the situation of a case like this will render clear that the power of the court to appoint one of its attorneys guardian *ad litem*, and impose on him the duty of protecting the title of infants to property, must necessarily carry with it the power to see that its appointee shall be properly compensated for his services and reimbursed for his reasonable expenditures, by controlling the property forming the subject of the action to that end. Such has been the rule in equity as far back as the books record the practice in regard to enforcing payment of costs, where necessary.   In 1747 (*Cannon v. Beely*, 1 Dickens, 115), the English court of chancery, upon the defendant, in whom the estate in controversy was vested by its decree, refusing to pay the costs, ordered sufficient of the estate sold to pay them.   In *Burkett v. Spray*, 1 Russ. & M. 113, it was said, in effect, that to turn a party away, who is entitled to a charge on the property affected by the decree, to recover his costs at law or as best he may, is contrary to the uniform practice in courts of equity, and that a sale of a part of such property should be made, if necessary, to make such payment.

It seems that the power of the court is ample, not only to make the proper allowance to the guardian *ad litem* for his services and disbursements, but to make the same a lien upon the title of the owner of the estate in remainder, and to make proper directions for the enforcement of such lien. It is considered that in this case, notwithstanding some contingent remainders, all persons in being, so far as it appears, having the first vested estate in remainder being before the court, all dependent estates are also represented and will be

Tyson vs. Richardson.

bound by whatever determination may be made, so that the power of the court is ample to make the lien of the guardian *ad litem's* claim extend to the entire estate in remainder. Barb. Parties (2d ed.), 488–9; Story, Eq. Pl. (Redf. ed.), sec. 144.

The precise character that a lien of a guardian *ad litem* should take, and the manner in which it should be worked out, must necessarily be governed by the facts of the particular case. It should evidently not go beyond control of the income of the property where that will be reasonably sufficient to satisfy the claim within a reasonable time. But where there is no income, as appears to be the case here, some portion of the property itself must necessarily be sold in such manner as to raise the requisite money with the least practical sacrifice.

It is considered, under all the circumstances, that the trial court should make the proper allowance to the guardian *ad litem*, and order that the same constitute a lien upon the estate in remainder, and that unless paid within one year from the entry of the order, with legal interest thereon from such entry to the date of payment, that the lien may be enforced by foreclosure and sale according to the rules and practice of the court and the statutes on the subject of foreclosure of mortgages.

*By the Court.*— The order appealed from is reversed, and the cause remanded for further proceedings according to this opinion.