◼ In the Matter of INFANT X., Petitioner, v CHILDREN'S HOSPITAL OF BUFFALO, INC., Appellant-Respondent. BARBARA E. HANDSCHU, Respondent-Appellant. (Appeal No. 1.) [602 NYS2d 483] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The court had authority to appoint a guardian ad litem pursuant to CPLR 1202 and the guardian was entitled to be paid reasonable compensation for her services (CPLR 1204). A court is permitted to apply its experience and knowledge in fixing legal fees *(Matter of Sebring,* 238 App Div 281, 290). Upon considering all of the factors to be applied in determining a reasonable compensation *(see, Matter of Stark,* 174 AD2d 746, 747) and taking into consideration that guardians ad litem "may be asked to accept most moderate compensation for their services" *(Matter of Becan,* 26 AD2d 44, 48), we conclude that the reasonable compensation for the guardian ad litem in this case is $10,000 for services and $8.25 for disbursements with interest from April 1, 1993 at the statutory rate *(see,* CPLR 5004). We modify the order and judgment accordingly.

After the guardian ad litem had submitted her application for compensation in the amount of $21,743, she submitted a second application seeking compensation in the amount of $3,460 for her efforts in substantiating and defending the amount of her request. We agree with Supreme Court's denial of the application but for a reason different from that given by Supreme Court.

The parties have cited no case in New York State discussing

whether a guardian ad litem is entitled to additional compensation for time spent in presenting and substantiating an application for compensation. We are persuaded, however, by the reasoning of the Supreme Court of the State of Wisconsin in *Matter of Estate of Trotalli* (123 Wis 2d 340, 366 NW2d 879). The Wisconsin court held that a guardian ad litem is entitled to compensation for the time and effort expended in meeting opposition to the fee, to the extent that the opposition was unreasonable. Thus, the guardian ad litem is not penalized if a party unreasonably objects to the compensation of the guardian ad litem.

" 'A guardian ad litem's services have long been recognized as essential to aid the court in protecting minors and other classes of helpless persons from being deprived of their rights in a variety of circumstances. Ardent protection of such rights is likely to be [of] offense to persons with standing to oppose a reasonable fee for that service. To hold that a reasonable fee must be reduced by the cost of meeting such opposition—even where the opposition is unreasonable—is likely to discourage the active defense of rights which have been recognized as deserving of special protection' " *(Matter of Estate of Trotalli, supra,* at 364, *supra,* at 890).

Here, as indicated by the result in the companion appeal, the opposition to the original fee application was not unreasonable and thus the second application was properly denied. (Appeals from Order and Judgment of Supreme Court, Erie County, Doyle, Jr., J.—Guardian Ad Litem Fees.) Present— Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.