IN the MATTER OF the FORECLOSURE OF TAX LIENS PURSUANT TO SECTION 75.521, Wisconsin Statutes By Waukesha County, List of Tax Liens For the Years 1988, 1989 and Prior Years Number Twenty Seven:

WAUKESHA COUNTY, Petitioner-Respondent,

v.

Albert A. TADYCH, Respondent-Appellant.

Court of Appeals

*Nos. 94–0170, 94–2083. Oral argument September 14, 1995.—Decided October 11, 1995.*

(Also reported in 541 N.W.2d 782.)

On behalf of the respondent-appellant, the cause was submitted on the briefs and oral argument of *Lawrence E. Slavik* of Wauwatosa.

On behalf of the petitioner-respondent, the cause was submitted on the brief and oral argument of *Danni L. Caldwell,* principal assistant corporation counsel.

An *amicus curiae* brief was submitted by *Judith Sperling Newton* and *Carol M. Gapen* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison. Oral argument by *Judith Sperling Newton.*

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J. Albert A. Tadych, a minor, appeals from orders of the trial court wherein the court denied Tadych's request to vacate and set aside a default judgment of tax foreclosure. We conclude that Tadych's property interests were not adequately protected by a guardian ad litem as required by statute. Accordingly, we reverse and remand the cause of action with directions.

On April 9, 1993, Waukesha County filed a list of tax liens being foreclosed by proceedings in rem and a petition of foreclosure. Tadych's two properties were included in the list of tax liens. The properties were listed as belonging to the Albert A. Tadych Trust Fund. Testimony at a motion hearing, however, revealed that the trust fund did not exist and the properties were owned by the minor.

The County fixed June 15, 1993, as the last day for redemption of the delinquent tax liens. The trial court issued an order appointing a guardian ad litem for all persons known, or unknown, with an interest in the lands described in the list of tax liens on June 21, 1993, pursuant to § 75.521(12), STATS. The court filed a default judgment against the properties on August 10, 1993.

Tadych filed a motion to vacate and set aside the default judgment and to restrain the sale of real property. The court issued an order denying the motion for vacation of the judgment on January 13, 1994. In its order, the trial court found that Albert A.'s father, Albert R. Tadych, contacted the Waukesha County Treasurer's Office and was misinformed as to the rights of former owners to purchase the property transferred to the County as a result of in rem proceedings. The court concluded, however, that Albert R. "is presumed to have knowledge of the Waukesha County Code . . . therefore, the misinformation supplied by the County Treasurer's office cannot be relied upon by him to support a laches or estoppel argument."

In a hearing held on January 18, 1994, the trial court sua sponte raised an issue concerning Waukesha County's procedures under § 75.35(3), STATS. The trial court subsequently issued an order stating: "[t]he ordinance adopted by the Waukesha County Board of Supervisors giving qualified preference for repurchase to former owners of land acquired by the County as a result of the tax foreclosure process is in conformity with state statutes." The court ordered that Tadych's motion for vacation of the judgment of tax foreclosure was denied. Tadych appeals the trial court's orders.

Tadych argues that the trial court erred when it refused to vacate and set aside a default judgment where the guardian ad litem appointed in the case "did absolutely nothing in that position, and was only a nominal representative who was appointed because section 75.521(12)(b), WIS. STATS., required the same." Initially, the County argues that the issue of the guardian ad litem's duties was not addressed by the

657

trial court and should not be an issue on appeal.[1] In the alternative, however, the County argues, among other things, that "The mere existence of a trust does not automatically indicate that a minor is a beneficiary." Additionally, it argues that "If the guardian ad litem can find no [affirmative defense of jurisdictional defect or invalidity of proceedings], his or her role is complete since it is not a defense to an <u>in rem</u> proceeding that the owner of the property is a minor, incompetent, absentee or nonresident."

We must determine the extent of a guardian ad litem's duties under § 75.521(12), STATS. This requires an interpretation of the statute. Statutory interpretation is a question of law that we review without deference to the trial court's decision. *K.N.K. v. Buhler*, 139 Wis. 2d 190, 199, 407 N.W.2d 281, 286 (Ct. App. 1987).

Section 75.521(12)(b), STATS., provides:

> This section shall apply to and be valid and effective with respect to all defendants even though one or more be infants, incompetents, absentees or nonresidents of the state of Wisconsin, provided that a guardian ad litem shall be appointed to serve for all persons known or unknown who have or may have an interest in the lands described in any list and who are or may be minors or incompetents at the date of filing such list. Such guardian ad litem may be appointed by the court without notice, and

---

[1] We reject the County's waiver argument. The extent of a guardian ad litem's duties under § 75.521(12)(b), STATS., is an issue of statewide concern. Therefore, we choose to address it. *See generally Mack v. State*, 93 Wis. 2d 287, 296-97, 286 N.W.2d 563, 567 (1980).

the fee for the services of the guardian ad litem as fixed by the court shall be paid by the county.

When interpreting a statute, we first look to the plain language of the statute itself. *Marshall-Wisconsin Co. v. Juneau Square Corp.*, 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). If ambiguity exists in the statute, we must look beyond the language to the statutory context, subject matter, scope, history and object to be accomplished. *Nick v. Toyota Motor Sales*, 160 Wis. 2d 373, 380, 466 N.W.2d 215, 218 (Ct. App. 1991).

■

Here, we conclude that § 75.521(12)(b), STATS., is ambiguous for purposes of determining the role of a guardian ad litem. Although the statute states that a guardian ad litem "shall be appointed to serve for all persons known or unknown," who have an interest in land described in any list and who are minors or incompetents at the date of filing such list, the statute in no way defines a guardian's role in the proceedings or the guardian's specific duties.

■

In order to define the role of a guardian ad litem under § 75.521(12)(b), STATS., we look to general case law for guidance. We note that "the guardian *ad litem's* overarching duty is to assist the court in its governmental function of seeing to it that justice is done to those who are defenseless and who are the objects of the special concern of government." *Romasko v. City of Milwaukee*, 108 Wis. 2d 32, 38, 321 N.W.2d 123, 126 (1982). A guardian ad litem must do the job competently and to the fullest extent reasonable in a particular case. *See Disch v. Betz*, 123 Wis. 2d 340, 355, 366 N.W.2d 879, 886 (1985).

The trial court stated:

659

The other ground that Mr. Tadych raised was the guardian ad litem appointed by this Court. I made no mention of his responsibilities prior to this time, but I now would find for purposes of this record, however, that he has met the obligation of any responsibility to the wards in question as it would pertain to this case in that his responsibilities are, one, to determine that a notice was delivered, mailed; secondly, that taxes were due and owing; and, thirdly, that taxes were unpaid, all of which apply to the Tadych property. Therefore, I find no fault with the guardian ad litem in this regard.

We disagree with the trial court and conclude that a guardian ad litem's duties are more expansive.

Initially, we conclude that the court must appoint a guardian ad litem prior to the final day for redemption in order to give the guardian a reasonable amount of time to investigate whether minors or incompetents are owners of the properties in question. While we will not dictate an exact time frame for appointment, it must be sufficient to allow the guardian to carry out his or her investigative duties.

Once appointed, the guardian ad litem must determine whether he or she does in fact represent the interests of any minors or incompetents. This will require an investigation of the list of properties with unpaid tax liens. If the guardian's investigation results in a finding that minors or incompetents do exist, the guardian must promptly contact the minors or incompetents in order to see that justice is done. *See Romasko*, 108 Wis. 2d at 38, 321 N.W.2d at 126. This requires determining what steps can be taken to redeem the property before the final day for redemption set by the County. We agree with the amicus

660

curiae[2] that in this case, if the guardian had been appointed a reasonable time before the final date of redemption, he could have explored alternatives for redemption of the property.

At the foreclosure hearing, a guardian ad litem must represent the minor's or the incompetent's best interests. This includes investigating and offering any of the available defenses pursuant to § 75.521(7), STATS.[3] If a default judgment is entered against the minor or incompetent's properties, the guardian might, considering the circumstances of the case, request a committee meeting so that the minor might repurchase the property pursuant to the Waukesha County Code of Ordinances. An appeal to this court is also an option of the guardian ad litem.

---

[2] At this court's request, attorneys Judith Sperling Newton and Carol M. Gapen of the Madison law firm of Stafford, Rosenbaum, Rieser & Hansen submitted an amicus curiae brief and Sperling Newton participated in oral arguments. We greatly appreciate the scholarly and thorough analysis presented in the amicus brief and at oral arguments.

[3] Section 75.521(7)(a), STATS., provides:

Every person having any right, title or interest in or lien upon any parcel described in such list of tax liens, may serve a duly verified answer upon the county treasurer for such county, setting forth in detail, the nature and amount of that person's interest and objecting to the proposed foreclosure upon one or more of the following grounds only:

1. That the lands in which such person is interested, described in such list of tax liens, were not liable to taxation, special assessment, special charge or special tax at the time the tax, special assessment, special charge or special tax for the nonpayment of which the tax lien arises, was levied.

2. That the tax, special assessment, special charge or special tax for the nonpayment of which said tax lien arises, was in fact paid before the last day of the redemption period provided by law.

3. That the tax lien is barred by the statute of limitations.

■ Here, it appears that the guardian ad litem was not able to act in Tadych's best interests. The guardian's ability to help Tadych redeem his property was severely compromised in that he was appointed *after* the final day for redemption. After appointment, Tadych argues that the guardian merely appeared at the granting of the default judgment and did nothing else. After a review of the record, we agree with Tadych that his interests were not adequately represented as required by statute.

■ We conclude that from this point forward, a guardian ad litem appointed under § 75.521(12), STATS., must undertake the duties outlined above in order to properly represent the interests of incompetents and minors to ensure that justice is accomplished. We reverse the trial court's orders and remand with directions that the County set a new final date of redemption for Tadych's two properties so as to allow Tadych to recover the properties. In Tadych's brief to the trial court dated May 9, 1994, he states: "Said moving party is now no longer a minor child." Because Tadych is no longer a minor, we will not order that the trial court appoint a guardian ad litem to represent his interests on remand. Additionally, we waive the need to file a new petition of foreclosure.

Because we conclude that the minor's interests were not properly represented in this action by the guardian ad litem and reverse on this basis, we need not address the other issues raised on appeal.

*By the Court.*—Orders reversed and cause remanded with directions.